# Exhibit A

Gregory M. Saylin (185328)
gsaylin@fabianvancott.com
Scott M. Petersen *(admitted pro hac vice)*
spetersen@fabianvancott.com
FABIAN VANCOTT
215 S. State Street, Suite 1200
Salt Lake City, UT 84111
P: 801-531-8900
F: 801-596-2814

Philip D. Dracht (219044)
pdracht@fabianvancott.com
FABIAN VANCOTT
15 W. Carrillo
Santa Barbara, CA 93101
P: 801-865-0245
F: 801-596-2814

*Attorneys for Defendant Alsco Inc.*

Matthew R. Bainer, Esq. (220972)
mbainer@bainerlawfirm.com
THE BAINER LAW FIRM
1901 Harrison St., Suite 1100
Oakland, California 94612
P:      (510) 922-1802
F:      (510) 844-7701

*Attorneys for Plaintiff Armando Olvera*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO OLVERA, individually and on half of others similarly situated, | Case No.: 5:17-cv-01500-RGK-KS <br><br> **AMENDED STIPULATION OF SETTLEMENT** |

|   |   |
|---|---|
| 1 | Plaintiff, |
| 2 | vs. |
| 3 | ALSCO, INC., a Nevada corporation; |
| 4 | doing business in California as |
| 5 | "Steiner Corporation," and DOES 1 through 100, inclusive, |
| 6 |   |
| 7 | Defendants. |

This Amended Stipulation of Settlement and attached exhibits (the "Settlement Agreement") is made by and among the following Settling Parties pursuant to the Court's Order dated February 6, 2018: Plaintiff Armando Olvera ("Plaintiff") on behalf of himself, and on behalf of each of the Settlement Class Members (as defined herein), by and through Plaintiff's Counsel; and Defendant Alsco Inc. doing business in California as Steiner Corporation ("Alsco" or "Settling Defendant"), by and through its counsel. This Settlement Agreement is intended by the Settling Parties to resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Settlement Agreement and supersedes any and all previous agreements between the Settling Parties.

**1.    DEFINITIONS**

In addition to the foregoing defined terms, the following terms shall have the meanings as set forth below:

1.1    "Action" means the action originally filed in Superior Court for San Bernardino County, California and removed to the United States District Court for the Central District of California entitled *Armando Olvera, individually and on behalf of others similarly situated v. Alsco, Inc.*, Case No. 5:17-cv-01500-RGK-KS.

1.2    "Class Period" means the period beginning June 27, 2013, through

1    and including the date the Preliminary Approval Order is entered.

2       1.3    "Court" means the United States District Court for the Central

3    District of California.

4       1.4    "Effective Date" means the date of entry of an Order granting final

5    approval of the Settlement, unless one or more objections to the Settlement are

6    filed which are not subsequently withdrawn, in which case it means the date one

7    day after the expiration date of the time for the filing or noticing of any appeal

8    from the Order and Final Judgment, or if an appeal is filed, the date of final

9    dismissal of any appeal from the Order and Final Judgment.

10      1.5    "Employer Payroll Taxes" means all taxes and withholdings an

11   employer is required to make arising out of or based upon the payment of

12   employment/wage compensation in this Action, including FICA, FUTA, and

13   SUTA obligations.

14      1.6    "Notice of Proposed Settlement" means the notice provided for in

15   Section 4 and substantially in the form attached hereto as Exhibit 1.

16      1.7    "Person" means any individual who worked for Alsco in the state of

17   California as a route sales driver, route sales representative, or other similar

18   position title, at any time during the Class Period and that Person's spouses, heirs,

19   predecessors, successors, representatives, alter egos, or assigns.

20      1.8    "Plaintiff's Counsel" means The Bainer Law Firm.

21      1.9    "Preliminary Approval Order" means the order preliminarily

22   approving the Settlement Agreement, certifying the Settlement Class for settlement

23   purposes only, approving the Notice of Proposed Settlement, approving the

24   Summary Notice, and setting the Settlement Hearing, as provided for in Section 6

25   and filed concurrently with this Agreement.

26      1.10   "Settlement Administrator" means the administrator approved by the

27   Court.

28

1.11 "Settlement Agreement" means this Stipulation of Settlement, including all attached exhibits.

1.12 "Settlement Class" means all persons who worked for Alsco in the state of California as route sales driver, route sales representative, jumper, utility driver, or relief driver, at any time during the Class Period.

1.13 "Settlement Class Member" means a Person, including Plaintiff, who meets the definition of the Settlement Class and who has not validly and timely requested exclusion from the Settlement Class, as provided in Section 9.

1.14 "Settlement Hearing" means the hearing to determine whether this Settlement Agreement should be finally approved by the Court, as provided for in Section 6.

1.15 "Settling Parties" means Alsco and Plaintiff on behalf of himself and each of the Settlement Class Members.

1.16 "Verified Weeks of Employment" means the total number of weeks worked by any given Settlement Class Member during the Class Period.

1.17 The word "or" means and/or.

1.18 The plural includes the singular and vice-versa.

## 2. LITIGATION BACKGROUND

2.1 <u>Complaint</u>. On June 19, 2017, Plaintiff Armando Olvera, on behalf of himself and a putative class of "others similarly situated," filed this Action in the Superior Court for San Bernardino County, California, naming as defendant Alsco Inc., a Nevada corporation, doing business in California as Steiner Corporation, alleging the following claims for relief: (1) violations of California Labor Code §§ 510 and 1198 (unpaid overtime); (2) violations of the California Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wage); (3) violations of California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (4) violations of California Labor Code § 226.7 (unpaid rest period premiums); (5)

1  violations of California Labor Code §§ 201 and 202 (wages not timely paid on

2  termination); (6) violations of California Labor Code § 226(a) (non-compliant

3  wage statements); and (7) violations of California Business and Professions Code §

4  17200, *et seq*. Plaintiff seeks damages, restitution, penalties, interest, attorneys'

5  fees, and injunctive relief. Alsco was served with the complaint on June 27, 2017.

6       2.2    <u>Removal</u>. Alsco timely removed this Action to the U.S. District

7  Court for the Central District of California, Eastern Division, on July 27, 2017.

8       2.3    <u>Answer</u>. Alsco timely answered the Complaint on August 3, 2017,

9  denying the allegations of the Complaint and asserting certain affirmative defenses.

10  **3.    BENEFITS OF THE SETTLEMENT**

11       3.1    <u>Diligence of Plaintiff's Counsel</u>.  Plaintiff's Counsel represents that

12  he is experienced counsel and that has conducted informal discovery, as well as

13  investigation prior to and throughout the prosecution of the Action.  The discovery

14  and investigation have included (i) review of over 10,000 pages of internal Alsco

15  documents; (ii) interviews with former and current Alsco employees; and (iii)

16  research of the applicable law with respect to the claims asserted in the complaints

17  and the potential defenses thereto.

18       3.2    <u>Benefits to Settlement Class</u>.  Plaintiff's Counsel represents that he

19  has analyzed the benefits to be obtained under the terms of the proposed Settlement

20  and has considered the costs, risks, and delays associated with the continued

21  prosecution of the Action and likely appeals, as well as the merits of the defenses

22  asserted by Alsco.  Plaintiff's Counsel believes that, in consideration of all of the

23  circumstances and after serious and contentious arms-length negotiations in

24  mediation with Alsco, the proposed Settlement is fair, reasonable, adequate, and in

25  the best interests of the Settlement Class.

26       3.3    <u>Benefits to Alsco</u>. Alsco represents that settling the Action on the

27  terms embodied in the Settlement Agreement is in its best interests.  Alsco

28

DocuSign Envelope ID: 119D6B38-9801-48F1-8B40-B4815D4774A

represents that it reached this conclusion after: (i) analyzing the factual and legal issues in the Action and considering the uncertainty of litigation; (ii) determining that further conduct of the Action through trial and any possible appeals would be protracted and expensive; and (iii) considering the benefits of permitting Alsco to conduct its business unhampered by the distractions of continued litigation.

**NOW, THEREFORE, IT IS HEREBY AGREED** by and between the parties, through their respective counsel, that the Action and the Released Claims be finally and fully settled, compromised, and released, and the Action shall be dismissed on the merits with prejudice, on the terms set forth herein, as between Plaintiff and the Settlement Class Members on the one hand, and Alsco on the other.

## 4. ADMINISTRATION OF SETTLEMENT FUND

4.1     <u>Monetary Fund</u>.  Alsco shall establish a non-reversionary "Settlement Fund" in the amount of $550,000.00.  This amount shall be deposited into an escrow account with the Settlement Administrator within ten (10) business days after exclusion and objection period ends, as described in this Settlement Agreement.  To the extent interest is earned on amounts held in escrow, it shall accrue and be payable to Alsco, less applicable taxes.  The Settlement Administrator, on behalf of the Settlement Class, shall be responsible for all administrative, accounting, and tax compliance activities in connection with this escrow account and shall comply with the provisions of the escrow agreement.

4.2     <u>No Disbursement of Direct Relief Before Effective Date</u>. The Settlement Administrator shall not disburse any portion of the Settlement Fund before the Effective Date, except as provided for in the Settlement Agreement.

4.3     <u>Taxes on Escrow Account</u>. The Settlement Fund shall constitute a qualified settlement fund within the meaning of Treasury Regulations Sections 1.468B-1 through 1.468B-5, 26 C.F.R. §§ 1.468B-1 through 1.468B-5.  The

Settling Parties shall treat the Settlement Fund as qualified settlement funds for all reporting purposes under the federal tax laws. For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Settlement Administrator.  The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg.  Section 1.468B-2(k)). Such returns shall be consistent with this Subsection and in all events shall reflect that all taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the income earned by the Settlement Fund. Taxes and tax expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and paid without prior order from the Court. The Settlement Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from the income earned by the Settlement Fund any funds necessary to pay such taxes, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. Section 1.468B-2(1)(2)).  The Settlement Administrator shall maintain accurate records of all expenditures made pursuant to this Subsection, and shall provide the records upon request to Plaintiff's Counsel and Alsco's counsel.  None of the Settling Parties, or any of their counsel, shall have any responsibility for the payment of taxes described in this Subsection.  The parties hereto agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Subsection.

4.4    Alsco will provide the names, last known addresses, last known email addresses, Social Security numbers, and Verified Weeks of Employment for members of the Settlement Class ("Class Data") to the Settlement Administrator

only.  Alsco will provide the Class Data to the Settlement Administrator no later than fourteen (14) calendar days after the Court grants Preliminary Approval of the Settlement Agreement.  Class Data shall only be used by the Settlement Administrator for the purpose of sending the Notice of Proposed Settlement and calculating Settlement Amounts, as that term is defined herein.  The Settlement Administrator shall run the Class Data list through the National Change of Address database, and will use the most recent address for each Settlement Class Member, either from Alsco's records or the National Change of Address database, when mailing the Notice of Proposed Settlement.  The Settlement Administrator shall also take reasonable steps to locate any Settlement Class Member whose Notice of Proposed Settlement is returned as undeliverable.  Class Data shall be provided in a format to be determined by the Settlement Administrator and Alsco.

4.5     <u>Class Notice</u>.  Within ten (10) calendar days of receiving the Class Data list, the Settlement Administrator shall mail the Court-approved Notice of Proposed Settlement, in the form substantially similar to that attached hereto as Exhibit 1, and Request for Exclusion, as discussed in Section 9, to the Settlement Class Members.

4.6     <u>Claim Form Not Required</u>. Settlement Class Members do not need to submit a claim form in order to participate in the Settlement.

4.7     <u>Discretion of Settlement Administrator</u>. The Settlement Administrator, who shall be jointly proposed by Alsco and Plaintiff's Counsel and approved by the Court, shall have discretion to make equitable decisions to carry out the intent of the Settlement Agreement.

4.8     <u>Continuing Jurisdiction Over Direct Relief</u>. The Settlement Fund shall be within the control and jurisdiction of the Court, *custodia legis*, until such time as it is distributed pursuant to this Settlement Agreement.

**5.         ALLOCATIONS TO BE PAID FROM SETTLEMENT FUND**

5.1    <u>Allocations from the Settlement Fund</u>.

    5.1.1    From the Settlement Fund, Plaintiff's Counsel may seek from the Court a maximum of one-third of the gross Settlement Fund in attorneys' fees, and a maximum of $15,000 in actual litigation costs, for serving as counsel to Plaintiff and the putative class, both of which Alsco will not oppose.

    5.1.2    From the Settlement Fund, Plaintiff may seek from the Court an incentive payment not to exceed $2,500 for serving as the class representative ("Service Enhancement") and in consideration for a general release in favor of Alsco, which Alsco will not oppose.

    5.1.3    From the Settlement Fund, Alsco may pay settlement administration fees to the Settlement Administrator in a reasonable amount, which are estimated to be approximately $9,300.

    5.1.4    After deducting for attorneys' fees, litigation costs, the Service Enhancement, and Settlement Administrator fees, the remainder of the Settlement Fund will be allocated to Settlement Class Members as the "Net Settlement Fund." From the Net Settlement Fund, the Settlement Administrator will make pro rata settlement payments to Settlement Class Members, who do not opt out of the Settlement Class, as more particularly described in Section 9.

    5.1.5    The Court shall oversee the distribution of any amounts remaining in the Net Settlement Fund pursuant to the *cy pres* doctrine to a *cy pres* recipient to be proposed by the parties and approved by the Court.

5.2    If the Court approves a lesser amount of attorneys' fees, litigation costs, administration costs, or Service Enhancement than those sought by Plaintiff and Plaintiff's Counsel, any amount not requested or disallowed by the Court shall become part of the Net Settlement Fund. The Parties agree that the settlement shall remain binding with such modification(s) and its terms will be otherwise unchanged.

5.3      Calculation of Settlement Amounts to Settlement Class Members.
The Settlement Administrator will calculate pro rata settlement payments to Settlement Class Members based on each Class Member's Verified Weeks of Employment in the Class Period as reflected on Alsco's internal records and as set forth in this paragraph. The Parties agree that the following formula for allocating the settlement payments to Settlement Class Members provided herein is reasonable and that the settlement payments provided herein are designed to provide a fair settlement to the Settlement Class:

5.3.1      The Settlement Administrator will divide the respective total weeks worked for each Settlement Class Member by the total weeks worked for all Settlement Class Members, resulting in the "Payment Ratio" for each Settlement Class Member. The Settlement Administrator will multiply each Settlement Class Member's Payment Ratio by the Net Settlement Amount to determine his or her Individual Settlement Payment (the "Settlement Amount").

5.4      Challenges to Settlement Class Member's Employment Data. In calculating each Settlement Class Member's Settlement Amount, Alsco's records regarding the Settlement Class Members' Verified Weeks of Employment shall be presumed to be correct. Settlement Class Members who challenge Alsco's records must submit a challenge in writing to the Settlement Administrator and will bear the burden of proof, i.e., a Settlement Class Member who fails to provide written proof will have his or her challenge denied. All such challenges must be received within the 30-day Exclusion Period, as set forth in Section 9, during which Settlement Class Members may opt-out from the Settlement. Alsco will investigate the challenge and determine whether any additional amount may be owed to the Settlement Class Member making the challenge. In no case will a challenge to employment data result in a payment by Alsco in excess of the amount of the Settlement Fund.

5.5     <u>Tax Treatment</u>.  Settlement Amounts paid to Settlement Class Members shall be treated as follows: 33.33% as back wages (the "Back Wages"), and 33.33% as penalties and 33.33% as interest (collectively, the "Penalties").

5.5.1     Payments treated as Back Wages shall be made net of all applicable employment taxes, including, without limitation, Employer Payroll Taxes and employee federal, state, and local income tax withholding, which shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and Social Security number on an IRS Form W-2. Alsco's Employer Payroll Taxes shall come out of the Net Settlement Fund before distribution of the Settlement Amount to Settlement Class Members. The Settlement Administrator shall be responsible for determining the appropriate number of exemptions to be used in calculating payroll tax and withholding, and deciding the appropriate tax rate based on information provided by Alsco to the Settlement Administrator. The Settlement Administrator will issue Settlement Class Members IRS Forms W-2.

5.5.2     Payments treated as Service Enhancements or Penalties shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and Social Security number on an IRS Form 1099. The Settlement Administrator shall be responsible for issuing IRS Forms 1099 to Settlement Class Members.

5.5.3     While the Settlement Administrator shall withhold employee taxes and Employer Payroll Taxes as described above, each Settlement Class Member shall be ultimately responsibility for payment of all federal, state, and local taxes as a result of receiving a Settlement Amount or Service Enhancement. The Parties make no representations, and it is understood and agreed that the Parties have made no representations, as to the taxability of any portions of the settlement payments to any Settlement Class Member, the payment of any costs or award of attorneys' fees, or any payments to the Plaintiff. Neither Plaintiff's

Counsel nor Alsco's counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

## 6. ENTRY OF PRELIMINARY APPROVAL ORDER, NOTICE TO THE SETTLEMENT CLASS, AND ENTRY OF FINAL JUDGMENT

6.1 <u>Motion for Preliminary Approval</u>. Promptly upon execution of this Settlement Agreement, the Settling Parties shall submit this Settlement Agreement together with its exhibits and shall jointly apply to the Court (in a joint filing if the parties agree or, if they do not, in separate filings) for entry of the Preliminary Approval Order, which includes provisions that, among other things, will:

6.1.1 Preliminarily approve the Settlement Agreement as being reasonable and the product of good faith negotiations;

6.1.2 Certify for settlement purposes only the Settlement Class under Rule 23 of the Federal Rules of Civil Procedure;

6.1.3 Approve the Settlement Administrator, as proposed by the parties, or otherwise selected by the Court;

6.1.4 Approve the Notice of Proposed Settlement substantially in the form attached as Exhibit 1;

6.1.5 Order that the Notice of Proposed Settlement be disseminated in the manner set forth in the Preliminary Approval Order;

6.1.6 Provide that any person falling within the definition of the Settlement Class who desires to be excluded from the Settlement Class must request exclusion by submitting a timely and valid exclusion request, in compliance with the instructions in the Request for Exclusion, to the Settlement Administrator within thirty (30) days of the Settlement Administrator's mailing of the Notice of Proposed Settlement;

6.1.7 Provide that persons falling within the definition of the

Settlement Class who do not file valid and timely requests for exclusion will be: (i) bound by the Final Judgment dismissing the Action on the merits and with prejudice; and (ii) permanently barred and enjoined from commencing, prosecuting or participating in the recovery in any direct or representative action, or any action in any other capacity, asserting or relating to any of the Released Claims, in the manner described in Section 8;

6.1.8    Find that the notice to be given in accordance with the Preliminary Approval Order (including the contents of the Notice of Proposed Settlement and the proposed means for effecting notice to persons falling within the definition of the Settlement Class) constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all members of the Settlement Class, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law;

6.1.9    Schedule a Settlement Hearing to consider and determine whether the Settlement proposed under the terms of this Settlement Agreement should be finally approved as fair, reasonable, and adequate, and whether the Final Judgment approving the Settlement Agreement and resolving the Action should be entered, and to consider the request for an award of attorneys' fees and reimbursement of expenses; and

6.1.10    Provide that the hearing on this Settlement Agreement and any request for an award of attorneys' fees and reimbursement of expenses may, from time-to time and without further notice to the Settlement Class, be continued or adjourned by order of the Court;

6.2    Provide that objections by any Settlement Class Member to (i) the proposed Settlement, (ii) entry of Final Judgment, (iii) entry of an order approving the Settlement Agreement, or (iv) any proposed award of attorneys' fees and

reimbursement of expenses to Plaintiff's Counsel must be submitted within thirty (30) days of the Settlement Administrator's mailing of the Notice of Proposed Settlement. Such objections, if not withdrawn, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Settlement Hearing only if, no later than thirty (30) days after the Settlement Administrator's mailing of the Notice of Proposed Settlement, such objector files with the Settlement Administrator a written notice of his, her, or its intention to appear at the Settlement Hearing and states the basis for the objections;

6.2.1    Provide that, on the Effective Date, all Settlement Class Members, whether or not they sign a release, shall be barred from asserting any Released Claims against any of the Released Parties, and each and all Settlement Class Members shall conclusively be deemed to have released and forever discharged any and all such Released Claims as against all of the Released Parties, in the manner described in Section 8.

6.3    Cooperation. Alsco shall cooperate in providing to the Settlement Administrator information such as names, addresses, and e-mail addresses for the notice and settlement administration process, which shall be provided to the Settlement Administrator pursuant to Section 4.4 and a validly executed confidentiality agreement.

6.4    Motion for Final Judgment. If, after the Settlement Hearing scheduled by the Court in the Preliminary Approval Order, the Court approves the Settlement Agreement, then counsel for the Settling Parties shall request that the Court enter Final Judgment in this Action.

## 7.    NO ADMISSION OF FAULT, LIABILITY, OR WRONGDOING

7.1    The Settlement is Not an Acknowledgement of Liability or Wrongdoing. Alsco enters into this Settlement Agreement without in any way acknowledging any fault, liability, or wrongdoing of any kind.  Alsco continues to

deny all of the material allegations in the Complaint and First Amended Complaint and to assert that Plaintiff's claims are without merit.

7.2    <u>The Settlement Raises No Inference of Liability or Wrongdoing</u>. Neither this Settlement Agreement, nor any of the negotiations or proceedings connected with them, nor any other action taken to carry out this Settlement Agreement by any of the Settling Parties shall be construed as, or shall be used as, or shall raise any presumption or inference of, an admission or concession by or against or respecting Alsco of the truth of any of the allegations in the Complaint or First Amended Complaint, or of any liability, fault or wrongdoing.

7.3    <u>The Settlement is Not Evidence of Liability or Wrongdoing</u>. Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with them shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or be used to create any inference or presumption of liability or an admission of any kind by Alsco, except as may be necessary to enforce the terms of this Settlement Agreement.

**8.    RELEASE**

8.1    <u>Plaintiff's Release</u>. As of the Effective Date and in consideration of this Settlement Agreement, Plaintiff releases any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against Settling Defendant, and each of its present and former, direct and indirect, subsidiaries, parents, affiliates, unincorporated entities, divisions, groups, officers, directors, shareholders, partners, partnerships, joint ventures, employees, agents, servants, assignees, successors, insurers, indemnitees, attorneys, transferees, and/or representatives (collectively, the "Released Parties"), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common

law, or other source of law, whether known or unknown, and whether anticipated

or unanticipated, including unknown claims covered by Civil Code Section 1542,

arising during the period from the beginning of Plaintiff's first date of employment

with Settling Defendant to the date on which the Court enters the Order of

Preliminary Approval, for any type of relief, including, without limitation, claims

for failure to pay overtime, failure to pay commissions, failure to pay for all hours

worked, failure to pay accrued vacation, failure to reimburse expenses, failure to

timely pay final wages, failure to pay minimum wage, failure to provide meal and

rest periods, failure to furnish accurate wage statements, wrongful termination,

retaliation, unfair practices, harassment, damages, unpaid costs, penalties

(including waiting time penalties), liquidated damages, punitive damages, interest,

attorneys' fees, litigation costs, restitution, or equitable relief (the "Plaintiff's

Released Claims"). Plaintiff's Released Claims include, but are not limited to the

Settlement Class Member Released Claims, as defined herein, as well as any other

claims under any provision of the Fair Labor Standards Act, the California Labor

Code or any applicable California Industrial Welfare Commission Wage Orders,

and claims under state or federal discrimination statutes, including, without

limitation, the California Fair Employment and Housing Act, California

Government Code § 12940 et seq.; the Unruh Civil Rights Act, California Civil

Code § 51 et seq.; the California Constitution; Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000 et seq.; the Americans with Disabilities Act, 42 U.S.C. §

12101 et seq.; and the Employee Retirement Income Security Act of 1974, 29

U.S.C. § 1001 et seq.; and all of their amendments, implementing regulations, and

interpretive guidelines. Plaintiff shall be deemed to have expressly waived and

relinquished, to the fullest extent permitted by law, the provisions, rights, and

benefits he may otherwise have had relating to the released claims pursuant to

Section 1542 of the California Civil Code, which provides as follows:

DocuSign Envelope ID: 14DF6B38-8924-42F1-8B9D-B4835D477AA4

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

The Plaintiff's Released Claims specifically exclude any and all claims which may not be legally waived, including but not limited to claims under the worker's compensation laws and claims for reimbursement of business expenses pursuant to California Labor Code § 2802. Notwithstanding the foregoing, Plaintiff represents that during the period of his employment with Alsco he did not report or sustain a work-related injury and he did not incur any work-related expenses for which he is due reimbursement from Alsco.

      8.2    <u>Settlement Class Member Release</u>. As of the Effective Date and in consideration of this Settlement Agreement, each Settlement Class Member, including Plaintiff, releases the Released Parties of any and all claims that were asserted in the Action and such claims that arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in the Complaint (the "Settlement Class Member Released Claims"). The Settlement Class Member Released Claims include any and all claims arising under California Labor Code §§ 510 and 1198 (unpaid overtime); §§ 1194, 1197, and 1197.1 (unpaid minimum wage); §§ 226.7 and 512(a) (unpaid meal period premiums); § 226.7 (unpaid rest period premiums); §§ 201 and 202 (wages not timely paid on termination); § 226(a) (non-compliant wage statements); and California Business and Professions Code § 17200, *et seq.* Settlement Class Members shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits they may otherwise have had relating to the Settlement Class Member Released Claims pursuant to Section 1542 of the California Civil Code, which provides as follows:

1   A general release does not extend to claims which the creditor does not

2   know or suspect to exist in his or her favor at the time of executing the

3   release, which if known to him or her must have materially affected his or

4   her settlement with the debtor.

5   All Settlement Class Members shall be bound by this release unless they timely

6   and properly opt-out of the Settlement.

7   8.3    The Settlement Class Members, including Plaintiff, may hereafter

8   discover facts in addition to or different from those they now know or believe to be

9   true with respect to the subject matter of the Settlement Class Member Released

10   Claims, but upon the Effective Date, shall be deemed to have, and by operation of

11   the Final Judgment shall have, fully, finally, and forever settled and released any

12   and all of the Settlement Class Member Released Claims, whether known or

13   unknown, suspected or unsuspected, contingent or non-contingent, which now

14   exist, or heretofore have existed, upon any theory of law or equity now existing or

15   coming into existence in the future, for damages, injunctive relief, rescission,

16   disgorgement, or restitution or any other right, remedy, or relief of every nature

17   and description whatsoever, whether based on federal, state, local, statutory or

18   common law or any other law, rule, or regulation, including the law of any

19   jurisdiction outside the United States, that were brought or could have been

20   brought in the complaints in this Action without regard to the subsequent discovery

21   or existence of such different or additional facts. The Plaintiff's Released Claims

22   and the Settlement Class Member Released Claims are collectively referred to as

23   the "Released Claims."

24   8.4    <u>Continuing Jurisdiction</u>.  Except for the enforcement of the Final

25   Judgment entered pursuant to this Settlement Agreement, the Releasing Parties

26   shall be barred from prosecuting any proceeding against any of the Released

27   Parties with respect to the Released Claims. The Court shall retain jurisdiction to

28

STIPULATION OF SETTLEMENT - 18

1    enforce the Final Judgment, releases, and bars to suits contemplated by this

2    Settlement Agreement. It is further agreed that the Settlement Agreement and the

3    Final Judgment may be pleaded as a complete defense to any proceeding subject to

4    this Section.

5    **9.      EXCLUSION (OPTING-OUT) FROM THE SETTLEMENT CLASS**

6        9.1      Any Person falling within the definition of the Settlement Class who

7    does not wish to participate in the Net Settlement Fund described in Sections 4 and

8    5 and be bound by the dismissals and releases provided for in this Settlement

9    Agreement, must request exclusion from the Settlement Class within thirty (30)

10    days of the Settlement Administrator's mailing of the Notice of Proposed

11    Settlement (the "Exclusion Period"). The Settlement Administrator shall mail a

12    Request for Exclusion, in the forum substantially similar to that attached as Exhibit

13    2, along with the Notice of Proposed Settlement.

14        9.2      A request for exclusion must state: (1) the name, address, and

15    telephone number of the Person requesting exclusion and (2) that the person

16    wishes to be excluded from the Settlement Class.  The exclusion request must be

17    sent by mail or e-mail to the Settlement Administrator and postmarked or e-mailed

18    on or before the date specified in the Preliminary Order.  The Settlement

19    Administrator shall deliver copies of any and all Requests for Exclusion to

20    Plaintiff's Counsel and Alsco's counsel. The Settlement Administrator shall make

21    such deliveries on a weekly basis and shall ensure that the final such delivery is

22    received by Plaintiff's Counsel and Alsco's counsel at the conclusion of the

23    Exclusion Period. Plaintiff's Counsel shall file any and all such requests for

24    exclusion with the Court at or before the Settlement Hearing. All Persons who

25    submit valid and timely requests for exclusion in the manner set forth in this

26    Section shall have no rights under this Settlement Agreement, and shall not share

27    in the distribution of the Net Settlement Fund.  All Persons falling within the

28

definition of the Settlement Class who do not request exclusion in the manner set forth in this Section shall be Settlement Class Members and shall be bound by this Settlement Agreement and the Final Judgment.

9.3    As set forth in Section 4, no claim form need be filed to participate in the Settlement. Any Person falling within the definition of the Settlement Class who timely requests exclusion shall, upon approval of the Court, be excluded from the class certified pursuant to Fed. R. Civ. P. 23(b)(3).

**10.    ATTORNEYS' FEES AND DISBURSEMENT OF EXPENSES**

10.1    <u>Application for Attorneys' Fees and Expenses</u>.  Plaintiff's Counsel may apply to the Court at the Settlement Hearing for an award of attorneys' fees and reimbursement of their expenses and costs from the Settlement Fund in an amount to be determined by the Court as a percentage of the entire value of settlement, as a common fund, in accordance with Ninth Circuit Court of Appeals precedent and the pertinent law.  Alsco agrees not to oppose an application by Plaintiff's Counsel for reasonable attorneys' fees up to one-third of the Settlement Fund.  Plaintiff's Counsel will file a separate motion with the Court requesting an award of attorney fees, costs to be reimbursed, and any enhancements from the Settlement Fund in an amount consistent with Ninth Circuit precedent.  Plaintiff and Plaintiff's Counsel agree that they will not seek to collect any attorneys' fees, expenses, or costs from any source other than the Settlement Fund.

10.2    <u>Payment of Attorneys' Fees and Expenses Award</u>. The attorneys' fees, expenses, and costs approved by the Court to be distributed to Plaintiff's Counsel shall be paid by the Settlement Administrator to Plaintiff's Counsel from the Settlement Fund, within five (5) business days after the Effective Date.

10.3    <u>Named Plaintiff's Compensation</u>. The Court may award the Service Enhancement to the Plaintiff for his service in the case, which shall come from the Settlement Fund.  Any such Court-ordered Service Enhancement shall be paid by

DocuSign Envelope ID: 149D6B38-8924-42F1-8B9C-D4635D477AA4

the Settlement Administrator within (5) five business days after the Effective Date. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any incentive compensation to Plaintiff, except as expressly provided in Subsection 4.1.

10.4    <u>No Effect on Settlement</u>. Any orders or proceedings relating to the application of Plaintiff's Counsel for an award of attorneys' fees, costs, and expenses and the application for a Service Enhancement shall not operate to terminate or cancel this Settlement Agreement, and shall have no effect on the finality of the Final Judgment to be entered pursuant to this Settlement Agreement.

10.5    <u>Released Parties Not Responsible for Payment of Award</u>.  The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Plaintiff's Counsel from the Settlement Fund that may occur, except as expressly provided in Subsection 4.1.

10.6    <u>Released Parties Not Responsible for Allocation of Award</u>.  The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiff's Counsel, and any other Person who may assert some claim thereto, of any award of attorneys' fees, costs, or expenses that the Court may make.

## 11.    TERMINATION OF SETTLEMENT AGREEMENT

11.1    <u>Right to Revoke</u>. If (i) five (5) percent or more of all Settlement Class Members opt out of the Class (ii) the conditions of the Settlement set forth in this Settlement Agreement are not satisfied; (iii) the Court does not enter judgment in accordance with this Settlement Agreement; (iv) appellate review is sought and on such review the Court's decision is materially modified or reversed; (v) one or more of the terms of the Settlement Agreement is not approved; or (vi) the Settlement Agreement with respect to one or more such terms is materially modified or reversed, then either of the parties will have the option to cancel the

Settlement Agreement, upon which this Settlement Agreement shall be canceled, terminated, and shall have no force or effect. If Final Approval does not occur, or if this Settlement Agreement is terminated, revoked, or canceled pursuant to its terms, the Parties to this Settlement Agreement shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of this Settlement Agreement.

11.2    <u>Inadmissible for Purposes of Certifying a Litigation Class</u>. If the Settlement Agreement is terminated pursuant to the provisions set forth in this Section 11 or the Effective Date does not occur for any reason, the parties will not offer this Settlement Agreement, any agreement negotiated between the parties in connection with or regarding the Settlement or the Settlement Agreement, or any motion seeking approval of the Settlement or Settlement Agreement in connection with a motion to certify a litigation class or in any other proceeding in this Action.

**12.    OTHER PROVISIONS OF THE SETTLEMENT**

12.1    <u>Non-Disclosure</u>. Plaintiff and Plaintiff's Counsel agree not to disclose the terms of this Settlement except in court papers in this Action, in response to Settlement Class Member inquiries, in connection with any court filings regarding the adequacy or qualifications of Plaintiff's Counsel, or if required by legal process. Neither Plaintiff nor Plaintiff's Counsel, directly or indirectly, shall issue a press release, hold a press conference, publish information about the settlement on any website (other than used by the Settlement Administrator for claims administration purposes), or otherwise publicize the settlement. Plaintiff and Plaintiff's Counsel agree not to respond to any press inquiries concerning the settlement except to refer reporters to the papers filed with the Court and to state that a settlement has been reached in the litigation.

12.2    <u>Class Information Confidential</u>. Names of Settlement Class Members, their Class Data, and their Settlement Amounts shall be kept strictly

confidential by the Settlement Administrator, who will not release such information to Plaintiff's Counsel and will only file such information under seal if necessary. Upon request, Alsco may be provided with access to this confidential information by the Settlement Administrator. Plaintiff's Counsel agrees that any information they receive or have received in connection with this Settlement may be used for this Action only, and may not be used for any purpose or in any other action or proceeding.

12.3    <u>Stay of Proceedings</u>. Upon the execution of this Settlement Agreement, all discovery and other proceedings in the Action shall be stayed until further order of the Court, except for proceedings that may be necessary to implement the Settlement or comply with or effectuate the terms of this Settlement Agreement.

12.4    <u>Uncashed Settlement Checks</u>. Any settlement checks that remain uncashed after 180 days of mailing will be delivered to a *cy pres* recipient to be approved by the Court at the Settlement Hearing.

12.5    <u>Restoration to Status Quo Upon Termination</u>. In the event this Settlement Agreement is not approved by the Court in its present form, or the conditions required for the Settlement Agreement to be consummated do not occur, then the Settling Parties hereto shall be restored to their respective positions as of the date that the Settlement Agreement was executed by Plaintiff and Alsco, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties, and to the extent permitted by law, the Settlement Agreement and associated exhibits shall not be used in any action or proceeding for any purpose and any orders entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*.

12.6    <u>Good Faith Efforts and Cooperation</u>. The Settling Parties acknowledge that it is their intent to consummate this Settlement Agreement.

Accordingly, the Settling Parties agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of the Settlement Agreement and exercise good faith efforts to establish the foregoing terms and conditions of the Settlement Agreement. The Settling Parties further agree to cooperate in effecting notice to members of the Settlement Class and in securing the Court's approval of the Settlement.

12.7   <u>No Impact on Benefit Plans</u>.  Neither the Settlement nor any amounts paid under the Settlement will modify any previously credited hours or service under any employee benefit plan, policy, or bonus program sponsored by Settling Defendant.  Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Settling Defendant sponsored benefit plans, policies, or bonus programs.  The payments made under the terms of this Stipulation shall not be applied retroactively, currently, or on a going forward basis, as salary, earnings, wages, or any other form of compensation for the purposes of any Settling Defendant's benefit plan, policy, or bonus program.  Settling Defendant retains the right to modify the language of its benefit plans, policies and bonus programs to effect this intent, and to make clear that any amounts paid pursuant to this Settlement are not for "hours worked," "hours paid," "hours of service," or any similar measuring term as defined by applicable plans, policies and bonus programs for purposes of eligibility, vesting, benefit accrual, or any other purpose, and that additional contributions or benefits are not required by this Settlement Agreement.

12.8   <u>Authorization of Counsel</u>. The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of the Settlement Agreement on behalf of their respective clients.

12.9   <u>Entire Agreement</u>. This Settlement Agreement (along with the exhibits thereto) constitutes the entire agreement among the Settling Parties and

supersedes any prior agreements or understandings between them. All terms of this Settlement Agreement are contractual and not mere recitals and shall be construed as if drafted by all Settling Parties. The terms of this Settlement Agreement are and shall be binding upon and inure to the benefit of each of the Settling Parties and Settlement Class Members, their agents, attorneys, employees, heirs, successors, and assigns, and upon all other persons claiming any interest in the subject matter hereto through any of the parties hereto, including any Plaintiff or Settlement Class Member.

12.10   <u>Amendment</u>. This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all parties hereto or their successors in interest. Amendments and modifications may be made without notice to the Settlement Class, unless notice is required by the Court.

12.11   <u>Execution in Counterparts</u>. This Settlement Agreement may be executed in counterparts or by facsimile, with each counterpart or facsimile signature having the same force and effect as an original. All executed counterparts and each of them shall be deemed to be the one and the same instrument.  Counsel for the parties to this Settlement Agreement shall exchange among themselves original signed counterparts and a complete set of original executed counterparts shall be filed with the Court.

12.12   <u>Jurisdiction</u>. The Court shall have exclusive and continuing jurisdiction over the implementation, interpretation, and execution of the Final Judgment and this Settlement Agreement and all exhibits thereto, with respect to all parties hereto, including all Settlement Class Members.

12.13   <u>Governing Law</u>. The rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the laws of the State of California.

12.14   <u>Headings</u>. The headings and subheadings to this Settlement

DocuSign Envelope ID: 149D6B38-8924-42F1-8B9D-D4615D4771A4

Agreement have been inserted for convenience only and are not to be considered when construing the provisions of this Settlement Agreement.

12.15   <u>Severability</u>. In the event any one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision if the Settling Parties all elect to proceed as if such invalid, illegal, or unenforceable provision had never been included in the Agreement.

1    IN WITNESS WHEREOF, each of the Parties hereto has caused the

2  Agreement to be executed on its behalf by its duly authorized counsel of record, all

3  as of the day set forth below.

4

5  Dated: February __, 2018          ARMANDO OLVERA

6

7

8                                   Armando Olvera
                                    Plaintiff

9

10  Dated: February __, 2018          ALSCO INC.

11                                   By:_____

12                                   Its: _____
                                    Defendant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

 IN WITNESS WHEREOF, each of the Parties hereto has caused the Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

Dated: February __, 2018          ARMANDO OLVERA

                                  _____
                                  Armando Olvera
                                  Plaintiff

Dated: February 14, 2018          ALSCO INC.

                                  By: _____
                                  Its: _____
                                  Defendant